UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAVIER FIGUEROA,                                          Case No.

             Plaintiff,

                                                    **COMPLAINT**

  -against-

                                                    **Jury Trial Demanded**

57th RESTAURANT ASSOCIATES LLC d/b/a
Rue 57,

             Defendant.
------------------------------------------------------------X

       Plaintiff Javier Figueroa ("Figueroa" or "Plaintiff") alleges against Defendant 57th Restaurant Associates LLC d/b/a Rue 57 ("Rue 57", "Restaurant" or "Defendant") upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Figueroa, a gay male, was employed as a food runner at Rue 57 from approximately October 2018 to December 2018, August 2020 to November 2020 and April 2021 until his constructive termination in July 2021.

2. Figueroa directly reported to Chef Mikey (full name currently unknown) during his third stint of employment. On an ongoing and pervasive daily basis, Chef Mikey sexually harassed, discriminated and created a hostile work environment against Figueroa because of his sexual orientation and gender / sex. By way of example, Chef Mikey called Figueroa "Marica" (faggot in Spanish) and told Figueroa, "Si primero no vienes tu marica" (You don't go first faggot).

3. Unable to endure the discrimination and hostile work environment any further, Figueroa mustered the courage to complain to several different managers at Rue 57. Despite

1

Figueroa's complaints, the discrimination only escalated with time. Further, Figueroa was retaliated against as Rue 57 reduced his schedule. Left with no other alternative, Figueroa was constructively terminated on July 12, 2021.

4. As such, Plaintiff sets forth claims for sexual harassment, sexual orientation and gender discrimination, a hostile work environment and retaliation under the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

6. Plaintiff, at all times relevant to the Complaint, was, and still is, a citizen of the State of New Jersey.

7. Defendant 57th Restaurant Associates LLC d/b/a Rue 57, at all times relevant to the Complaint, was, and still is, a New York domestic limited liability company.

8. The allegations contained within this Complaint indicate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant is located within this district and a substantial part of the events or omissions giving rise to this action, including the unlawful practices alleged herein, occurred in this district.

## PARTIES

10. Plaintiff Javier Figueroa ("Plaintiff" or "Figueroa") was and is a resident of Essex County, New Jersey.

11. Figueroa was and is a gay man.

12. Defendant 57th Restaurant Associates LLC d/b/a Rue 57 ("Rue 57", "Restaurant" or

"Defendant") was and is a domestic limited liability company duly existing under the laws of the State of New York.

13. Rue 57 was and is duly authorized to conduct business in the State of New York.

14. Rue 57 was and is a restaurant located at 60 W 57th Street New York, NY 10019.

15. Chef Mikey (full name currently unknown) was and is an employee of Rue 57.

16. Chef Mikey was and is a chef at Rue 57.

17. Chef Mikey was and is a head chef at Rue 57.

18. Chef Mikey was a supervisor at Rue 57, and in that role, he had authority to hire and fire, discipline, schedule, and assign job tasks to employees, including food runners.

19. Chef Mikey was Figueroa's supervisor during a portion of his employment.

20. If Figueroa had to leave work early or call out sick, he would inform Chef Mikey.

## STATEMENT OF FACTS

21. From approximately October 2018 to December 2018, Figueroa was employed by Rue 57.

22. Figueroa worked for Rue 57 at 60 W 57th Street, New York NY 10019.

23. Figueroa was employed by Rue 57 as a busboy and a food runner.

24. Figueroa's first stint of employment with Rue 57 ended in December 2018 when he did not want to work on Christmas Eve 2018.

25. Figueroa then had a second stint of employment with Rue 57 from approximately August 2020 to November 2020.

26. Figueroa worked as both a busboy and a food runner.

27. In or around April 2021, Figueroa recommenced his employment with Rue 57 and began a third stint of employment with the Company.

28. Figueroa worked as a food runner.

29. In that role, Figueroa ensured that customers were receiving the correct orders, cleaned and placed silverware on the tables, conveyed food orders from the kitchen to customers, and kept stations restocked throughout his shift.

30. Figueroa was paid $10.00 per hour, plus tips.

NYCHRL Gender & Sexual Orientation Discrimination / Hostile Work Environment

31. In April 2021, Nue (last name currently unknown) – a co-worker asked Figueroa, Why do you never talk about women?

32. In response, Figueroa disclosed to Nue, Chef Mikey and others at Rue 57 that he was gay.

33. Immediately thereafter, Figueroa became a target of discrimination and a hostile work environment because of his sexual orientation.

34. On a pervasive daily basis, Chef Mikey called Figueroa derogatory names in Spanish.

35. For instance, Chef Mikey called Figueroa, "Chilena" (female from Chile).

36. Chef Mikey would also call Figueroa, "Marica" (faggot).

37. Chef Mikey also referred to Figueroa as a "perra" (bitch or slut).

38. Chef Mikey would all call Figueroa, "Barbie."

39. On one occasion, Figueroa had a pink bracelet on his wrist and Chef Mikey sarcastically asked, Why are you wearing that?  You're not supposed to wear that.

40. Chef Mikey would also make inappropriate sexual comments to Figueroa, such as:

    (a) Where do you like the dick, inside or outside?

    (b) Did you get fucked last night because you look like shit?

    (c) Where do you like it?

41. Chef Mikey would continuously ask unwelcome questions to Figueroa, such as, Do you have a boyfriend? and How do you like being fucked?

42. The discrimination was not just limited to Chef Mikey, as on one occasion, Patrick (last name currently unknown) – a dishwasher yelled a Maxie (last name currently unknown) – a co-worker, Would you fuck him (Figueroa)?

43. Figueroa was highly offended by the discriminatory comments.

44. On or about June 22, 2020, Figueroa asked permission from Chef Mikey if he could leave early to get his second dose of the COVID-19 vaccine.

45. In response Chef Mikey said, You know if you're getting the shot you are going to become more gay.

NYCHRL Retaliation & Continued Discrimination / Hostile Work Environment

46. In our around April 2021, unable endure the discrimination and hostile work environment any longer, Figueroa complained to Noe Leon (a runner) about the ongoing discrimination.

47. In response, Noe advised Figueroa that he would talk to Chef Mikey.

48. Although Noe discussed the matter with Chef Mikey, Chef Mikey continued discriminating against Plaintiff because of his gender / sex and sexual orientation.

49. On or about June 14, 2021, Figueroa complained to Arlene (last name currently unknown) – a Rue 57 manager about Chef Mikey.

50. During the meeting, in addition to the discrimination, Figueroa informed Arlene that Chef Mikey was not allowing him to take a lunch break.

51. In response, Arlene advised Figueroa to speak with Stacy (last name currently unknown) – Rue 57 General Manager.

52. Later that same day, Figueroa spoke with Stacy at Table 94, in the presence of Arlene and Lisa (last name currently unknown) – another Rue 57 manager.

53. Figueroa specifically complained that he was tired of Chef Mikey calling him names, such as "Marica."

54. In response, Stacy advised Figueroa not to worry about it and that they were going to talk to Chef Mikey in regards to the matter but not today.

55. Despite Stacy's promise, Chef Mikey's discriminatory comments towards Figueroa only escalated following his complaints.

56. Figueroa recorded the following discriminatory comments by Chef Mikey:

    (a) Eres perra o no eres perra? (Are you a bitch or are you not a bitch?) Figueroa immediately responded back, No soy perra (I am not a bitch).

    (b) On the same recording, you can also hear Chef Mikey uttering, Si eres perra, vieja (Yes you are a bitch, old lady).

    (c) Chef Mikey pointed at another server and said, Mira que es perra como tu. Tu crees que es perra o no es perra (Look who's a bitch like you. Do you think he's a bitch or he's not a bitch?).

    (d) Chef Mikey also told Figueroa, Huelete las ostras (smell the oysters), huelen bien? (Do they smell good?). In response, Figueroa said si (yes). Chef Mikey continued, Estan podrios? Holiste pito y no diferenciaste el olor? (Are they rotten? You smelled penis and couldn't differentiate the smells).

    (e) Chef Mikey also yelled at Figueroa, Ya Vete (Get out).

    (f) Chef Mikey also told Figueroa, Si primero no vienes tu marica (You don't go first faggot).

6

57. Chef Mikey would also make discriminatory comments against other employees, such as Stacy.

58. When Stacy or other managers would walk away, Chef Mikey would say, Look at that ass! I would eat it all.

59. Rue 57 retaliated against Figueroa by reducing his schedule from 5 to 2 or 3 days a week following his complaints.

60. Unable to endure the discrimination, hostile work environment, and retaliation any further, on or about July 12, 2021, Figueroa was constructively terminated.

61. Figueroa wrote an email to HR, translated from Spanish as follows: Through this email, I communicate my resignation from the job which I have been doing as a food runner. I have made this decision as a result of the discrimination I have been experiencing in the kitchen from Mikey. I complained about this to the managers but nothing was done except giving me less hours and changing my work schedule, which makes it impossible for me to work. I have been feeling very stressed about this situation and I have been left with no other choice but to resign.

62. Figueroa was treated less well because of his gender / sex.

63. Figueroa was treated less well because of his sexual orientation.

64. As a result of discrimination, hostile work environment, and retaliation, Figueroa sustained lost wages.

65. As a result of discrimination, hostile work environment, and retaliation, Figueroa sustained severe emotional distress.

## FIRST CAUSE OF ACTION
### (NYCHRL Gender & Sexual Orientation Discrimination)

66. Plaintiff hereby repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

67. The NYCHRL provides that, "It shall be an unlawful discriminatory practice: "(a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, **sexual orientation**, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to **discharge from employment** such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendant engaged in an unlawful discriminatory practice in violation of the NYCHRL creating and maintaining discriminatory working conditions and discriminating against the Plaintiff because of his gender and sexual orientation, and constructively terminating the Plaintiff.

69. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## SECOND CAUSE OF ACTION
### (NYCHRL Hostile Work Environment)

70. Plaintiff hereby repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

71. By engaging in the foregoing conduct, Defendant violated Plaintiff's rights under the NYCHRL by subjecting Plaintiff to an offensive and hostile work environment because of his gender / sex and sexual orientation.

72. Plaintiff was treated less well because of his gender / sex and sexual orientation.

73. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

### THIRD CAUSE OF ACTION
### (NYCHRL Retaliation)

74. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

75. The NYCHRL provides that it shall be an unlawful retaliatory practice: "For an employer… to discharge… or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…"

76. Defendant engaged in an unlawful discriminatory practice in violation of the NYCHRL by retaliating against the Plaintiff, including constructively terminating Plaintiff because of his opposition to the unlawful employment practices of Defendant.

77. Defendant engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for making a complaint regarding Defendant's violation of the NYCHRL.

78. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court GRANT the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under applicable city law;

b. Declaring that the Defendant engaged in unlawful employment practices prohibited by the NYCHRL, and awarding Plaintiff a recovery for damages sustained;

c. Declaring that the Defendant discriminated against, created a hostile work environment and retaliated against Plaintiff on the basis of his gender / sex and sexual orientation, and awarding Plaintiff a recovery for damages sustained;

d. Awarding damages to the Plaintiff, retroactive to the date of his constructive termination, for all lost wages resulting from the Defendant's unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

e. Awarding Plaintiff compensatory damages for his mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

f. An award of prejudgment and post-judgment interest;

g. An award of punitive damages;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands a trial by jury.

Dated: August 30, 2021
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff*